(115 App. Div. 151)

### SANDS v. HOLLAND TORPEDO BOAT CO.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

PLEADING—BILL OF PARTICULARS—AMENDMENT OF ANSWER.

A complaint in an action against a corporation alleged that a certain person, as an agent or officer of defendant, employed plaintiff to render services in securing contracts with the federal government for the purchase of boats manufactured by defendant; that a certain sum was agreed to be paid plaintiff on each boat bought or appropriated for by the government; that plaintiff performed services; and that on a certain date Congress appropriated money to purchase four boats. Defendant. by its answer denied the allegations of the complaint, respecting plaintiff's employment and the agreement, and denied on information and belief the allegations respecting the appropriation. *Held*, that defendant was not entitled to a bill of particulars to enable it to prepare an amended answer.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 950.]

Appeal from Special Term, New York County.

Action by Francis P. B. Sands against the Holland Torpedo Boat Company. From an order denying defendant's motion for a bill of particulars, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Norman G. Johnson, for appellant.
James C. Bargen, for respondent.

SCOTT, J. The defendant appeals from an order denying its motion for a bill of particulars, which, as it avers, is necessary in order to enable it to frame an amended answer.

The action is for services said to have been rendered by plaintiff, and the complaint alleges that on March 19, 1903, one Elihu B. Frost, in his capacity as duly accredited representative, agent, attorney, or officer of the defendant's company, engaged, retained, and employed plaintiff to render and perform services for said defendant in connection with the forwarding and advancing its business in the securing of contracts with the government of the United States for the construction of or purchase by the said United States of submarine torpedo boats of the type of the Holland submarine torpedo boat, and said defendant, by said Frost, thereupon promised and agreed to pay to plaintiff the sum of $1,000 per boat on each Holland submarine torpedo boat which should thereafter be bought or appropriated for by said government of the United States before the end of the then next session of Congress ending about June or July, 1904; that thereupon, in consideration of said promise, plaintiff performed the services for the performance of which he was so employed, and for which the $1,000 per boat was agreed to be paid him; that on April 27, 1904, the contingency upon which payment was promised by defendant to plaintiff occurred and became a fact, and Congress did make appropriations of money wherewith to purchase four submarine torpedo boats of the type aforesaid. The defendant, by its answer, denies positively the allegations of the complaint respecting plaintiff's employment and the agreement with him

and his rendition of services, and denies, upon information and belief, the allegation respecting the appropriation by Congress.   The defendant is not entitled to, and does not require, a bill of particulars to enable it to prepare an amended answer which is the sole purpose disclosed by the moving affidavits.   The complaint is unusually specific.   It gives the precise date of the contract sued upon, and the name of the officer who, as is alleged, contracted on behalf of the company.   Clearly no bill of particulars is needed with respect to either of these matters. Frost, the officer who it is said acted for the company, positively denies that he made any such contract.   If he did not, there was no contract, and the affidavits of other officers, to the effect that they knew of no such contract, are superfluous.   The plaintiff does not sue upon a quantum meruit, but upon a contract that he should be paid a definite sum upon the happening of a certain contingency.   No particulars of his services are necessary to enable defendant to amend his answer, the original answer positively denying the rendition of services at all.   Nor is it necessary at this time that defendant should be informed whether the contract sued upon was in writing or oral.   The defendant avers positively and without qualification that no contract at all was made. Frost, with whom it is said to have been made, also denies it.   If Frost bases his denial upon some presumed invalidity or defect in some transactions between himself and plaintiff, which plaintiff may construe as a contract, he knows what these transactions were, and will doubtless be willing to communicate them to defendant.

The order appealed from reserves leave to defendant to renew its motion if it can show that it needs particulars in order to prepare for trial.   If it can hereafter show such necessity, this leave assures it all that it can be entitled to.   It certainly is not entitled to a bill of particulars for the purpose of preparing an amended answer.

Order affirmed, with $10 costs and disbursements.   All concur.